UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| ANTHONY J. BROSCO and<br>ANGELA BROSCO,<br>for themselves and all others similarly situated, | ) | |
| Plaintiffs, | ) | Civil Action No. |
| vs. | ) | 1:07-cv-00348-S-DLM |
| AT&T CORP., and<br>AT&T COMMUNICATIONS – EAST, INC., | ) | |
| Defendants. | ) | SEPTEMBER 27, 2007 |

**JOINT MOTION EXTENDING TIME TO MOVE,**
**ANSWER OR OTHERWISE RESPOND TO COMPLAINT**

Counsel for Plaintiffs Anthony J. Brosco and Angela Brosco (the "Named Plaintiffs"), and counsel for Defendants AT&T Corp. and AT&T Communications – East, Inc. (collectively "AT&T"), submit this Joint Motion Extending Time To Move, Answer or Otherwise Respond to Complaint and respectfully request that this Court enter the Agreed Order tendered herewith for all of the reasons set forth below:

1. As set forth in more detail below, this case is subject to multidistrict litigation and should be administered in accordance with the provisions of a previously existing multidistrict litigation procedure.

2. Counsel for the Named Plaintiffs and counsel for AT&T are aware of the filing in federal courts of the following class action styled lawsuits brought by alleged landowners against AT&T (collectively the "AT&T Fiber Optic Cable Installation Litigation") relating to AT&T's installation, maintenance and operation of fiber optic cable along railroad, pipeline or other utility corridors:

Ernest J. Peschell v. AT&T Corporation, et al., Civil Action No. 399-CV-1203 (DJS) (D. Conn.) (filed June 25, 1999);

Darrell V. Thomson, et al. v. AT&T Corp., et al., Civil Action No. 99-1251-MLB (D. Kan.) (filed June 23, 1999);

James W. O'Connell and Ruth E. O'Connell, et al. v. AT&T Corp., et al., Civil Action No. 99-C-723 (E.D. Wis.) (filed June 28, 1999);

Hinshaw v. AT&T Communications, Inc., Civil Action No. IP 98-1300 C H/G (S.D. Ind.) (filed September 18, 1998) (the "Original Hinshaw Action");

Hinshaw, et al. v. AT&T Corp., et al., Civil Action No. IP99-0549 C T/T (S.D. Ind.) (filed April 21, 1999);

Frederick W. Healy and R. Ward Healy, et al. v. AT&T Corp., et al., Civil Action No. 99-CV-11622-MLW (D. Mass.) (filed July 30, 1999);

Forest Nance, et al. v. AT&T Corp., et al., Civil Action No. 8:99-CV-2343 (D. Md.) (filed August 3, 1999);

Marion R. Taylor, et. al. v. AT&T Corp., et al., Civil Action No. 00-CV-104 (E.D. Pa.) (filed January 7, 2000) (the "Pennsylvania case");

Doran Ray Dougherty, et al. v. AT&T Corp., et al., Civil Action No. 5:00-CV-27 (N.D. W. Va.) (filed February 22, 2000) (the "West Virginia case");

Delbert E. Reynolds v. AT&T Corp., et al., Civil Action No. 00-58-P-C (D. Me.) (filed March 4, 2000) (the "Maine case");

Norton Kale v. AT&T Corp., et al., Civil Action No. 3:00 CV 7174 (N.D. Ohio) (filed March 16, 2000) (the "Ohio case");

Robert L. Fournie, et al. v. AT&T Corp, et al., Civil Action No. 00-298-DRH (S.D. Ill.) (filed April 17, 2000) (the "Illinois case");

Lynn C. Mikos v. AT&T Corp., et al., Civil Action No. 3-00CV0808-P (N.D. Tex.) (filed April 8, 2000) (the "Texas case");

James W. Morgan, et al. v. AT&T Corp., et al., Civil Action No. 4-01-CV-00188 SM (E.D. Ark.) (filed March 29, 2001) (the "Arkansas case");

Truman Kingsley, et al. v. AT&T Corp., et al., Civil Action No. A3-01-82 (D. N.D.) (filed June 20, 2001) (subsequently dismissed by plaintiffs);

9-M Corporation v. AT&T Corp., et al., Civil Action No. 01-CV-1338 (D. Minn.) (filed July 24, 2001) (the "Minnesota case");

Steven Rattee, et al. v. AT&T Corp., et al., Civil Action No. C-1:01-326-B (D. N.H.) (filed August 28, 2001) ("the New Hampshire case");

Joseph Gadotti, et al. v. AT&T Corp., et al., Civil No. CV' 02-490-AS (D. Or.) (filed April 15, 2002) (the "Oregon case");

Sparks Cedarlee Farm v. AT&T Corp., et al., Docket No. 1: 02-CV-0267 (W.D. Mich.) (filed April 19, 2002) (the "Michigan case");

John R. Butler v. AT&T Corp., Civil Action No. 02-275 (D. Del.) (filed April 15, 2002) (the "Delaware case");

Robert W. Neill v. AT&T Corp., et al., Civil Action No. 4L02CV-87-JAD (N.D. Miss.) (filed April 15, 2002) (the "Mississippi case");

Gene B. Peterson, et al. v. AT&T Corp. et al., Civil Action No. 02-WM-0731 (CBS) (D. Colo.) (filed April 15, 2002) (the "Colorado case");

Phillip N. Boreen, et al. v. AT&T Corp., et al., Civil Action No. C02-5315 FDB (W.D. Wash.) (filed June 20, 2002) (the "Washington case");

Jack Rindlisbacher v. AT&T Corp., et al., Civil Action No. 1:02-CV-00119- QB (D. Utah) (filed September 23, 2002) (the "Utah case");

Duane Coffey, et al. v. AT&T Corp., et al., Civil Action No. CV 02-0500-S-LMB (D. Idaho) (filed October 28, 2002) (the "Idaho case");

Hill Pleasant Farm, Inc., et al. v. AT&T Corp., et al., Civil Action No. 4:02cv144 (E.D. Va.) (filed November 25, 2002) (the "Virginia case");

Timothy Gearity, et al. v. AT&T Corp., et al., Civil Action No. 1:03-CV-18 (D. Vt.) (filed January 16, 2003) (the "Vermont case");

Lillian Martine, Inc., et al. v. AT&T Corp., et al., Civil Action No. 03-52-B-M3 (M.D. La.) (filed January 21, 2003) (the "Louisiana case");

Donald R. Wallace, et al. v. AT&T Corp., et al., Civil Action No. 5:03-CV-166-T (W.D. Okla.) (filed February 7, 2003) (the "Oklahoma case");

A.C. Benton v. AT&T Corp., et al., Civil Action No. C03-3013MWB (N.D. Iowa.) (filed February 10, 2003) (the "Iowa case");

La Bahia Court, L.L.C. v. AT&T Corp., et al., Civil Action No. 03-1632 (C.D. Cal.) (filed March 7, 2003) (the "California case");

K&D Investments, L.L.P. v. AT&T Corp., et al., Civil Action No. 6:04-CV-1156-ORL-18J66 (M.D. Fla.) (filed July 30, 2004) (the "Florida case");

Gary L. Ekers, et al. v. AT&T Corp., et al., Civil Action 0: 05-146 (E.D. Ky.) (filed September 13, 2005) (the "Kentucky case");

Gwendolyn M. Saulny v. AT&T Corp., et al., Civil Action No. 2:06-cv-2374-SHM-dkv (W.D. Tenn.) (filed June 16, 2006) (the "Tennessee case");

William G. Yedinak, et al. v. AT&T Corp., et al., Civil Action No. 2:07-cv-00093-ABJ (D. Wy.) (filed May 3, 2007) (the "Wyoming case");

Barbara Viestenz et al. v. AT&T Corp., et al., Civil Action No. 3:07-cv-00052-RRE (D. N.D.) (filed May 4, 2007) (the "North Dakota case");

Janet Amunrud and Home on the Range v. AT&T Corp., et al., Civil Action No. 1:07-cv-00068-RFC (D. Mont.) (filed May 11, 2007) (the "Montana case"); and

William Martin and Priscilla Martin v. AT&T Corp., et al., Civil Action No. 07-1546 (E.D. Mo.) (filed September 6, 2007) (the "Missouri case").

3. All of these actions were filed by the same lead plaintiffs' counsel.

4. The Original Hinshaw Action was filed in Indiana state court on November 6, 1996. On August 21, 1998, the state court conditionally certified a nationwide class and approved the filing of a nationwide class complaint. And on September 18, 1998, AT&T removed the Original Hinshaw Action to the United States District Court for the Southern District of Indiana, Indianapolis Division, where it is presently pending.

5. On December 7, 1999, in MDL Docket No. 1313, In Re: AT&T Fiber Optic Cable Installation Litigation, the Judicial Panel on Multidistrict Litigation ("MDL") entered a Transfer Order transferring all of the then pending cases to the Southern District of Indiana for pre-trial proceedings (a copy of that order is attached hereto as "Attachment 1") and these MDL cases are now collectively docketed as 1:99-ml-9313-DFH-TAB in the Southern District of Indiana.

6. On March 2, 2000, the Judicial Panel transferred the Pennsylvania case to the Southern District of Indiana as a "tag-along action" in the MDL for pre-trial proceedings and coordination with the other cases in the MDL.

7. On April 13, 2000, the Judicial Panel transferred the Maine and West Virginia cases to the Southern District of Indiana as "tag-along actions" in the MDL for pre-trial proceedings and coordination with the other cases in the MDL.

8. On June 6, 2000, the Judicial Panel transferred the Ohio, Illinois and Texas cases to the Southern District of Indiana as "tag-along actions" in the MDL for pre-trial proceedings and coordination with the other cases in the MDL.

9. On May 4, 2001, the Judicial Panel transferred the Arkansas case to the Southern District of Indiana as a "tag-along action" in the MDL for pre-trial proceedings and coordination with the other cases in the MDL.

10. On October 22, 2001, the Judicial Panel transferred the New Hampshire case to the Southern District of Indiana as a "tag-along action" in the MDL for pre-trial proceedings and coordination with the other cases in the MDL.

11. On November 26, 2001, the Judicial Panel transferred the Minnesota case to the Southern District of Indiana as a "tag-along action" in the MDL for pre-trial proceedings and coordination with the other cases in the MDL.

12. On July 1, 2002, the Judicial Panel transferred the Colorado, Delaware, Michigan, Mississippi and Oregon cases to the Southern District of Indiana as "tag-along actions" in the MDL for pre-trial proceedings and coordination with the other cases in the MDL.

13. On August 29, 2002, the Judicial Panel transferred the Washington case to the Southern District of Indiana as a "tag-along action" in the MDL for pre-trial proceedings and coordination with the other cases in the MDL.

14. On March 1, 2003, the Judicial Panel transferred the Idaho and Virginia cases to the Southern District of Indiana as "tag-along actions" in the MDL for pre-trial proceedings and coordination with the other cases in the MDL.

15. On April 13, 2003, the Judicial Panel transferred the Vermont, Louisiana, and Oklahoma cases to the Southern District of Indiana as "tag-along actions" in the MDL for pre-trial proceedings and coordination with the other cases in the MDL.

16. On May 13, 2003, the Judicial Panel transferred the Iowa and California cases to the Southern District of Indiana as "tag-along actions" in the MDL for pre-trial proceedings and coordination with the other cases in the MDL.

17. On October 25, 2004, the Judicial Panel transferred the Florida case to the Southern District of Indiana as a "tag-along action" in the MDL for pre-trial proceedings and coordination with the other cases in the MDL.

18. On January 5, 2006, the Judicial Panel transferred the Kentucky case to the Southern District of Indiana as a "tag-along action" in the MDL for pre-trial proceedings and coordination with the other cases in the MDL.

19. On or about September 1, 2006, the Judicial Panel transferred the Tennessee case to the Southern District of Indiana as a "tag-along action" in the MDL for pre-trial proceedings and coordination with the other cases in the MDL.

20. On or about June 4, 2007, the Judicial Panel transferred the Montana, North Dakota and Wyoming cases to the Southern District of Indiana as "tag-along actions" in the MDL for pre-trial proceedings and coordination with the other cases in the MDL. (A copy of that order is attached hereto as "Attachment 2.")

21. The parties have agreed that the Missouri case should be transferred to the Southern District of Indiana as a "tag-along" case in the MDL for pre-trial proceedings and coordination with the other cases in the MDL, and the Judicial Panel on Multidistrict Litigation has entered a conditional transfer order dated September 19, 2007 transferring the case for consolidation in MDL 1313.

22. The parties agree that the Rhode Island case should also be transferred to the Southern District of Indiana as a "tag-along action" in the MDL for pre-trial proceedings and coordination with the other cases in the MDL, and the Judicial Panel on Multidistrict Litigation has issued a conditional transfer order dated September 19, 2007 in connection with transferring the case for consolidation in MDL 1313 (a copy of that order is attached hereto as "Attachment 3").

23. For administrative convenience, and without prejudice to any and all defenses available to any and all of the defendants in the AT&T Fiber Optic Cable Installation Litigation, the parties agree and hereby respectfully move the Court for entry of its Order establishing that the time limit for defendants to move, answer or otherwise respond to the Complaint filed in Anthony J. Brosco and Angela Brosco v. AT&T Corp., et al., Civil Action No. 07-348 S (D. R.I.) (filed September 13, 2007) should be extended *sine die* while the parties attempt to finalize settlement of this case before the MDL transferee court, or in the event the tag-along request is denied, 30 days after the Judicial Panel on Multidistrict Litigation has entered its Order.

Respectfully submitted,

**BLISH & CAVANAGH, LLP**

By: /s/ Joseph V. Cavanagh, III
Joseph V. Cavanagh, III #6907
Commerce Center
30 Exchange Terrace
Providence, RI 02903
Telephone: (401) 831-8900
Facsimile: (401) 751-7542

Attorney for Plaintiff

and

Plaintiffs' Of Counsel:

Daniel J. Millea, Esq.
**ZELLE, HOFMANN, VOELBEL, MASON & GETTE, LLP**
500 Washington Avenue South
Suite 4000
Minneapolis, MN 55415
Telephone: (612) 339-2020
Facsimile: (612) 336-9100

Nels Ackerson, Esq.
**ACKERSON, KAUFMANN & FEX, P.C.**
1250 H Street, NW
Suite 850
Washington, DC 20005-3952
Telephone: (202) 833-8833
Facsimile: (202) 833-8831

Henry J. Price, Esq.
**PRICE, WAICUKAUSKI & RILEY, LLC**
The Hammond Block Building
301 Massachusetts Avenue
Indianapolis, IN 46204
Telephone: (317) 633-8787
Facsimile: (317) 633-8797

Roger C. Johnson, Esq.
**KOONZ, MCKENNEY, JOHNSON, DEPAOLIS & LIGHTFOOT, L.L.P.**
James Monroe Building
2001 Pennsylvania Avenue, NW
Suite 450
Washington, DC 20006
Telephone: (202) 659-5500
Facsimile: (202) 785-3719

**DAY PITNEY LLP**

By: /s/ Joseph K. Scully
Joseph K. Scully # 6217
242 Trumbull Street
Hartford, CT 06103
Telephone: (860) 275-0135
Facsimile: (860) 275-0343

Attorney for Defendants

and

AT&T's Of Counsel:

Howard N. Feldman, Esq.
B. Haven Walling, Jr., Esq.
**DICKSTEIN SHAPIRO LLP**
1825 Eye Street, N.W.
Washington, DC 20006
Telephone: (202) 420-2200
Facsimile: (202) 420-2201

Emily Barbour, Esq.
**AT&T CORP.**
One AT&T Way
Room 3A208
Bedminster, NJ 07921
Telephone: (908) 234-6166
Facsimile: (908) 532-1217

William P. Wooden, Esq.
James M. Boyers, Esq.
**WOODEN & McLAUGHLIN, LLP**
One Indiana Square
Suite 1800
Indianapolis, IN 46204
Telephone (317) 639-6151
Facsimile: (317) 639-6444