JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

DEC -7 19..

FILED
CLERK'S OFFICE

*DOCKET NO. 1313*

# *BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION*

# *IN RE AT&T FIBER OPTIC CABLE INSTALLATION LITIGATION*

*BEFORE JOHN F. NANGLE, CHAIRMAN, WILLIAM B. ENRIGHT, CLARENCE A. BRIMMER, JOHN F. GRADY, BAREFOOT SANDERS, LOUIS C. BECHTLE AND JOHN F. KEENAN,* JUDGES OF THE PANEL*

## *TRANSFER ORDER*

This litigation presently consists of the seven actions listed on the attached Schedule A and pending in six districts as follows: two actions in the Southern District of Indiana and one action each in the District of Connecticut, District of Kansas, District of Maryland, District of Massachusetts, and Eastern District of Wisconsin. Before the Panel is an unopposed, joint motion, pursuant to 28 U.S.C. §1407, for centralization of all actions for coordinated or consolidated pretrial proceedings in the Southern District of Indiana. Movants are defendants AT&T Corporation and AT&T Communications, Inc. (collectively AT&T), the only defendants named in these actions, and all named plaintiffs.

On the basis of the papers filed and the hearing held, the Panel finds that the actions in this litigation involve common questions of fact, and that centralization under Section 1407 in the Southern District of Indiana will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. The actions all relate to AT&T's installation of fiber optic cable on railroad, pipeline, and other utility corridors that adjoin the named plaintiffs' property. The complaints raise common questions of fact and law, including whether AT&T had sufficient rights to install, maintain, and use its underground fiber optic cable along the corridors without the named plaintiffs' consent. Centralization under Section 1407 is thus necessary in order to 1) avoid conflicting discovery orders and duplicative discovery, 2) prevent inconsistent pretrial rulings, especially with respect to overlapping class certification requests, and 3) conserve the resources of the parties, their counsel, and the judiciary.

* Judge Keenan took no part in the decision of this matter.

We are persuaded that the Southern District of Indiana is the appropriate transferee forum for this litigation. We note that all parties seek centralization in that district and the judge assigned to the Indiana actions has already developed a familiarity with the issues in the litigation.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. §1407, the actions listed on the attached Schedule A and pending outside the Southern District of Indiana be, and the same hereby are, transferred to the Southern District of Indiana and, with the consent of that court, assigned to the Honorable David F. Hamilton for coordinated or consolidated pretrial proceedings with the actions pending in that district and listed on Schedule A.

FOR THE PANEL:

John F. Nangle
Chairman

# SCHEDULE A

MDL-1313 -- In re AT&T Corp. Fiber Optic Cable Installation Litigation

District of Connecticut

*Ernest J. Peschell v. AT&T Corp., et al.*, C.A. No. 3:99-1203

Southern District of Indiana

*Vera J. Hinshaw, et al. v. AT&T Corp., et al.*, C.A. No. 1:98-1300
*Vera J. Hinshaw, et al. v. AT&T Corp., et al.*, C.A. No. 1:99-549

District of Kansas

*Darrell V. Thomson v. AT&T Corp., et al.*, C.A. No. 6:99-1251

District of Massachusetts

*Frederick W. Healy, et al. v. AT&T Corp., et al.*, C.A. No. 1:99-11622

District of Maryland

*Forest Nance v. AT&T Corp., et al.*, C.A. No. 8:99-2343

Eastern District of Wisconsin

*James W. O'Connell, et al. v. AT&T Corp., et al.*, C.A. No. 2:99-723