# UNITED STATES JUDICIAL PANEL
on
# MULTIDISTRICT LITIGATION

**CHAIRMAN:**
**Judge John G. Heyburn II**
**United States District Court**
**Western District of Kentucky**

**MEMBERS:**
**Judge D. Lowell Jensen**
**United States District Court**
**Northern District of California**

**Judge J. Frederick Motz**
**United States District Court**
**District of Maryland**

**Judge Robert L. Miller, Jr.**
**United States District Court**
**Northern District of Indiana**

**Judge Kathryn H. Vratil**
**United States District Court**
**District of Kansas**

**Judge David R. Hansen**
**United States Court of Appeals**
**Eighth Circuit**

**Judge Anthony J. Scirica**
**United States Court of Appeals**
**Third Circuit**

**DIRECT REPLY TO:**

**Jeffery N. Lüthi**
**Clerk of the Panel**
**One Columbus Circle, NE**
**Thurgood Marshall Federal Judiciary Building**
**Room G-255, North Lobby**
**Washington, D.C. 20002**

**Telephone: [202] 502-2800**
**Fax: [202] 502-2888**
**http://www.jpml.uscourts.gov**

September 19, 2007

TO INVOLVED COUNSEL

Re: MDL No. 1313 -- IN RE: AT&T Corp. Fiber Optic Cable Installation Litigation

(See Attached CTO-18)

Dear Counsel:

Attached hereto is a copy of a conditional transfer order filed today by the Panel involving the above-captioned matter. This matter is transferred pursuant to Rule 7.4 of the Rules of Procedure of the Judicial Panel on Multidistrict Litigation, 199 F.R.D. 425, 435-36 (2001). Copies of Rule 5.2, dealing with service, and Rules 7.4 and 7.5, regarding "tag-along" actions, are attached for your convenience.

Inasmuch as there is an unavoidable time lag between notification of the pendency of the tag-along action and the filing of a conditional transfer order, counsel are required by Rule 7.4(b) to notify this office **BY FACSIMILE**, at (202) 502-2888, of any official changes in the status of the tag-along action. These changes could involve dismissal of the action, remand to state court, transfer to another federal court, etc., as indicated by an order filed by the district court. Your cooperation would be appreciated.

**NOTICE OF OPPOSITION DUE ON OR BEFORE: October 4, 2007 (4 p.m. EST)**
(Facsimile transmission is suggested.)

If you are considering opposing this conditional transfer order, please review Rules 7.4 and 7.5 of the Panel Rules before filing your Notice of Opposition.

A list of involved counsel is attached.

Very truly,

Jeffery N. Lüthi
Clerk of the Panel

By [signature]
Deputy Clerk

Attachments

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

SEP 19 2007

FILED
CLERK'S OFFICE

**UNITED STATES JUDICIAL PANEL**
**on**
**MULTIDISTRICT LITIGATION**

**IN RE: AT&T CORP. FIBER OPTIC CABLE INSTALLATION LITIGATION**

William Martin, et al. v. AT&T Corp., et al., E.D. Missouri, C.A. No. 4:07-1564 )
Anthony J. Brosco, et al. v. AT&T Corp., et al., D. Rhode Island, C.A. No. 1:07-348 )

MDL No. 1313

## CONDITIONAL TRANSFER ORDER (CTO-18)

On December 7, 1999, the Panel transferred five civil actions to the United States District Court for the Southern District of Indiana for coordinated or consolidated pretrial proceedings pursuant to 28 U.S.C. § 1407. Since that time, 31 additional actions have been transferred to the Southern District of Indiana. With the consent of that court, all such actions have been assigned to the Honorable David F. Hamilton.

It appears that the actions on this conditional transfer order involve questions of fact that are common to the actions previously transferred to the Southern District of Indiana and assigned to Judge Hamilton.

Pursuant to Rule 7.4 of the Rules of Procedure of the Judicial Panel on Multidistrict Litigation, 199 F.R.D. 425, 435-36 (2001), these actions are transferred under 28 U.S.C. § 1407 to the Southern District of Indiana for the reasons stated in the order of December 7, 1999, and, with the consent of that court, assigned to the Honorable David F. Hamilton.

This order does not become effective until it is filed in the Office of the Clerk of the United States District Court for the Southern District of Indiana. The transmittal of this order to said Clerk shall be stayed 15 days from the entry thereof. If any party files a notice of opposition with the Clerk of the Panel within this 15-day period, the stay will be continued until further order of the Panel.

FOR THE PANEL:

Jeffery N. Lüthi
Clerk of the Panel

RULE 7.4: CONDITIONAL TRANSFER ORDERS FOR "TAG-ALONG ACTIONS"

(a) Upon learning of the pendency of a potential "tag-along action," as defined in Rule 1.1 of these Rules, an order may be entered by the Clerk of the Panel transferring that action to the previously designated transferee district court on the basis of the prior hearing session(s) and for the reasons expressed in previous opinions and orders of the Panel in the litigation. The Clerk of the Panel shall serve this order on each party to the litigation but, in order to afford all parties the opportunity to oppose transfer, shall not send the order to the clerk of the transferee district court for fifteen days from the entry thereof.

(b) Parties to an action subject to a conditional transfer order shall notify the Clerk of the Panel within the fifteen-day period if that action is no longer pending in its transferor district court.

(c) Any party opposing the transfer shall file a notice of opposition with the Clerk of the Panel within the fifteen-day period. If a notice of opposition is received by the Clerk of the Panel within this fifteen-day period, the Clerk of the Panel shall not transmit said order to the clerk of the transferee district court until further order of the Panel. The Clerk of the Panel shall notify the parties of the briefing schedule.

(d) Within fifteen days of the filing of its notice of opposition, the party opposing transfer shall file a motion to vacate the conditional transfer order and brief in support thereof. The Chairman of the Panel shall set the motion for the next appropriate hearing session of the Panel. Failure to file and serve a motion and brief shall be treated as withdrawal of the opposition and the Clerk of the Panel shall forthwith transmit the order to the clerk of the transferee district court.

(e) Conditional transfer orders do not become effective unless and until they are filed with the clerk of the transferee district court.

(f) Notices of opposition and motions to vacate such orders of the Panel and responses thereto shall be governed by Rules 5.12, 5.2, 7.1 and 7.2 of these Rules.

RULE 7.5: MISCELLANEOUS PROVISIONS CONCERNING "TAG-ALONG ACTIONS"

(a) Potential "tag-along actions" filed in the transferee district require no action on the part of the Panel and requests for assignment of such actions to the Section 1407 transferee judge should be made in accordance with local rules for the assignment of related actions.

(b) Upon learning of the pendency of a potential "tag-along action" and having reasonable anticipation of opposition to transfer of that action, the Panel may direct the Clerk of the Panel to file a show cause order, in accordance with Rule 7.3 of these Rules, instead of a conditional transfer order.

(c) Failure to serve one or more of the defendants in a potential "tag-along action" with the complaint and summons as required by Rule 4 of the Federal Rules of Civil Procedure does not preclude transfer of such action under Section 1407. Such failure, however, may be submitted by such a defendant as a basis for opposing the proposed transfer if prejudice can be shown. The inability of the Clerk of the Panel to serve a conditional transfer order on all plaintiffs or defendants or their counsel shall not render the transfer of the action void but can be submitted by such a party as a basis for moving to remand as to such party if prejudice can be shown.

(d) A civil action apparently involving common questions of fact with actions under consideration by the Panel for transfer under Section 1407, which was either not included in a motion under Rule 7.2 of these Rules, or was included in such a motion that was filed too late to be included in the initial hearing session, will ordinarily be treated by the Panel as a potential "tag-along action."

(e) Any party or counsel in actions previously transferred under Section 1407 or under consideration by the Panel for transfer under Section 1407 shall promptly notify the Clerk of the Panel of any potential "tag-along actions" in which that party is also named or in which that counsel appears.

**IN RE: AT&T CORP. FIBER OPTIC CABLE INSTALLATION LITIGATION** MDL No. 1313

## INVOLVED COUNSEL LIST (CTO-18)

Joseph V. Cavanagh III
Blish & Cavanagh
30 Exchange Terrace
Providence, RI 02903

Timothy E. Hayes
Timothy E. Hayes & Associates
231 South Bemiston Avenue
Suite 950
St. Louis, MO 63105

Elizabeth V. Heller
Goldenberg, Miller, Heller, Antognoli, et al.
2227 South State Route 157
P.O. Box 959
Edwardsville, IL 62025